UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00170-RJC

| | |
|---|---|
| REBECCA C. QUALLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ANDREW M. SAUL, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Defendant's Motion for Summary Judgment, (Doc. No. 14).

## I. BACKGROUND

### A. Procedural Background

Rebecca Qualls ("Plaintiff") seeks judicial review of Andrew M. Saul's ("Defendant" or "Commissioner") denial of her social security claims. Plaintiff filed an application for Disability Insurance Benefits under Title II and Supplemental Security Income Benefits under Title XVI of the Social Security Act ("SSA") on June 3, 2016. (Doc. Nos. 10-1: Administrative Record ("Tr.") at 210, 214). Her application was denied first on July 28, 2016, (Tr. 119, 125), and upon reconsideration on August 31, 2016. (Tr. 136, 41, 146, 150). Plaintiff timely filed a request for a hearing on September 14, 2016 (Tr. 154), and an administrative hearing was held by an Administrative Law Judge ("ALJ") on July 16, 2016, (Tr. 176). Following that

hearing, the ALJ found that Plaintiff was not disabled under the SSA. (Tr. 9). Plaintiff requested a review of the ALJ's decision, which was denied on October 30, 2019. (Tr. 1.)

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the SSA. (Tr. 12). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff alleges that her disability began on February 25, 2016 due to physical impairments. (Tr. 12).

In his decision, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 23). In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R.

---

[1] Under the SSA, "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

2

§§ 404.1520(a)(4), 416.920(a)(4)). The claimant has the burden of production and proof in the first four steps. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite his limitations. See id.; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 23.) In reaching his decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that she suffered from severe physical impairments,[2] and that her impairments did not meet or equal any of the impairments listed in the Administration's regulations. (Tr. 15). Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to Plaintiff's Residual Functional Capacity ("RFC"). In pertinent part, the ALJ found that Plaintiff

> has the [RFC] to perform sedentary work . . . except the claimant can stand and walk for 2 hours in an 8-hour day, and she can stand and walk for 30 minutes at a time followed by 10 minutes seated; she can lift and carry 10 pounds occasionally, and less than 10 pounds frequently; the claimant must avoid concentrated exposure to hazards, and she must avoid even moderate exposure to fumes and heat; the claimant retains the capacity to perform simple, routine, repetitive tasks at a non-production rate; she can adapt to frequent workplace changes; the claimant may perform frequent acts of judgement and decision-making; and she would be off task for 10 percent of the workday.

(Tr. 17).

---

[2] The ALJ determined that Plaintiff suffered from the following severe impairments: coronary artery disease; obesity; and depression. (Tr. 15).

Having established Plaintiff's RFC, the ALJ concluded that Plaintiff could not perform the work in which she had previously been employed. (Tr. 21). The ALJ thus proceeded to the fifth and final step of the process: determining whether, given the limitations embodied in Plaintiff's RFC, Plaintiff could perform any work that existed in significant numbers in the national economy. (Tr. 22). To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). The VE testified that Plaintiff could perform three jobs that existed in significant numbers in the national economy: "addresser," "document preparer," and "surveillance system monitor." (Tr. 23). According to the VE, all of these jobs involve "sedentary work and are unskilled." The ALJ accepted the VE's testimony and concluded that Plaintiff's impairments did not prevent her from working; consequently, Plaintiff's applications for benefits were denied. (Tr. 23).

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the SSA. See 42 U.S.C. §§ 405(g), 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The district court does not review a final decision

4

of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again or substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. See Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

Plaintiff contends that the ALJ erred by 1) failing to evaluate Plaintiff's headaches at Step 2 of the SEP and to account for limitations of that impairment into

the RFC, and by 2) failing to conduct a proper function-by-function analysis of the impairments and provide a logical bridge between the record evidence and his RFC conclusions. (Doc. No. 12 at 9). Plaintiff asserts that the error at Step Two and error in the RFC formation constitute harmful error because they prevent the RFC from being supported by substantial evidence. (Id.).

Regarding Plaintiff's first assignment of error, an ALJ's failure to list a particular impairment as severe does not require automatic remand, "so long as the sequential evaluation and the functional effects of any absent impairment are appropriately examined and considered during subsequent steps." Torres v. Colvin, No. 1:14:-cv-RLV, 2016 WL 54933, at *5 (W.D.N.C. Jan 5, 2016) (citations omitted). Plaintiff does not win on the first proposed assignment of error, and therefore this Court considers Plaintiff's second contention.

As to the second proposed assignment of error, the question is whether the ALJ's functional analysis and cursory discussion of the headache symptoms fails Mascio's requirement that the ALJ "assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record," and whether such lack of discussion in the analysis "frustrates meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015). The allegation of error also asks whether the ALJ sufficiently "provide[d] and explicit explanation linking medical evidence listed in the decision to his ultimate findings. Monroe v. Colvin, 826 F.3d 176, 189-90 (4th Cir. 2016).

Mascio does not stand for the proposition, however, that remand is

6

Case 5:19-cv-00170-RJC Document 16 Filed 07/29/21 Page 6 of 10

automatically warranted when an ALJ finds a moderate limitation in CPP but fails to provide a detailed analysis. Holbrook v. Berryhill, 2018 WL 325244, at *4, No. 3:16-cv-00713 (W.D.N.C. Jan. 8, 2018). Remand for lack of discussion is appropriate only if the ALJ's opinion is "'sorely lacking' in a manner that 'frustrates meaningful review.'" Hubbard v. Berryhill, No. 3:17-CV-677, 2018 WL 3744017, at *6 (W.D.N.C. Aug. 7, 2018) (quoting Ponder v. Berryhill, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017)).

Here, the ALJ's discussion of the possible impairment due to migraines is limited to two brief sections of the Step Four analysis. The ALJ in part one of the symptom consideration notes claimant's assertions that "headaches sometimes last all day, and she has to go to a dark room with no noise. The migraines have worsened since February 2016 due to medication side-effects. The claimant's headaches are triggered by bright lights, heat and stress." (Tr. 19). In the second part of the Step Four process, the ALJ gave "little weight to [Dr. Drummond's] finding that migraines, joint dysfunction and hernias are severe impairments because the record does not show firm physical etiologies for these disorders." (Tr. 21). The ALJ also noted that little weight was afforded to Dr. Drummond's opinion "to the extent it is otherwise inconsistent with this decision because [he] did not examine the claimant, and he did not have access to the complete record." (Tr. 21).

Plaintiff contends that the ALJ should have identified rationale for how he resolved evidence that conflicted with his RFC findings, specifically the statements of Dr. Burgess that the migraine headaches are "much worse since the addition of

7

Case 5:19-cv-00170-RJC   Document 16   Filed 07/29/21   Page 7 of 10

nitrates to her medical regimen and this would be expected to continue to cause a problem. (Tr. 509). The ALJ stated that he assigned Dr. Burgess' medical opinion "great weight," (Tr. 20), but did not include specific rationale for why he diverted from Dr. Burgess, Dr. Gregory, and Dr. Cyr-McMillion's statements that the migraines were a severe impairment. (Doc. No. 12 at 8); (Tr. 71, 82, 96, 108).

The Defendant asks this Court to deem the ALJ discussion sufficient because the opinion of the Dr. Burgess does not rise to the level of medical opinion, as it was likely based on the claimant's subjective allegations. (Doc. No. 15 at 8). But the ALJ report itself recognizes that "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must consider other evidence in the record to determine if the claimant's symptoms limit the ability to do work-related activities." (Tr. 17).

Defendant also delves into the record to cite robust evidence that supports the reasonableness of the ALJ's evaluation of the Plaintiff's headache contentions. (Doc. No. 15 at 10-11). However, this evidence was not cited by the ALJ. Instead, the ALJ's evaluation of the medical evidence and limitations concerning the headache/migraine impairment falls into an "all too common" trap of not showing one's work. Patterson v. Commissioner, 846 F.3d 656, 663 (4th Cir. 2017). Such a failure is rarely harmless error if it "substantially hinders[] judicial review." Id. at 662. To that end, Brown v. Commissioner, 873 F.3d 251 (4th Cir. 2017) provides a useful comparison. There the Court held that the ALJ analysis of medical opinions and the "intensity, persistence

8

and limiting effects" of Plaintiff's symptoms failed, even though the dissent noted that the ALJ went into "some detail pointing out discrepancies in his statements and other…objective medical evidence." Id. at 272. In the present case, the ALJ summarily discounted the weight of medical opinion on the migraine impairment without citing to the medical evidence elsewhere in the record that he deemed to be in conflict with the Plaintiff's subjective testimony and the consulting physician's limited review. (Tr. 21). Since the Court would commit reversible error by "mining facts from the . . . record," in the absence of meaningful factual development by the ALJ, the ALJ's limited evaluation of the level of impairment and limitations from the alleged migraine condition was harmful error. Brown v. Colvin, 639 Fed. Appx. 921, 922 (4th Cir. 2016).

Defendant contends that such error may still be harmless, as the RFC limitations placed on the Plaintiff were greater than the RFC guidance provided by the medical experts that deemed the migraine condition to be a severe impairment. (Doc. No. 15 at 12-13); (Tr. 71, 75, 82-82, 86, 96, 100, 108, 112). However, without mining the record on its own, this Court does not have the grounds to say that "substantial evidence" in the record supports the ALJ decision regarding the severity of the possible migraine impairment and its corresponding impact on the RFC limitations. Yet the district court cannot mine the record to later construct a logical bridge for the ALJ. Marshall v. Colvin, No. 314CV00608FDWDSC, 2016 WL 1089698, at *2 (W.D.N.C. Mar. 21, 2016) (citing Brown v. Colvin, No. 14-2106, 2016 WL 502918, at *2 (4th Cir. Feb. 9, 2016)) ("While Defendant asserts several reasons to support

9

the ALJ's decision, it is not within the province of this Court to mine the record to uphold a decision absent any explanation from the ALJ.").

Similar to the circumstances in Brown v. Colvin, while the medical record may provide more detail than was discussed in the ALJ reasoning, this Court "should not review the medical record de novo to discover facts to support or refute the ALJ's finding" at Steps Two and Four. 639 Fed. Appx. at 923. This case will be remanded.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**, the Commissioner's decision is **REMANDED** for further proceedings;

2. Defendant's Motion for Summary Judgment, (Doc. No. 14), is **DENIED**; and

3. The parties' motion for extension of time, (Doc. Nos. 13), is **DENIED as moot**.

Signed: July 29, 2021

Robert J. Conrad, Jr.
United States District Judge