UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00170-RJC

| REBECCA CAROL QUALLS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney Fees Under Section 406(b) of the Social Security Act. (Doc. No. 20). Plaintiff's counsel petitions this Court for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $10,944.50. (*Id.*). This amount is less than 25% of the back benefits awarded to Plaintiff by the Social Security Administration. (Doc. No. 20-1 at 2–3). This Court previously awarded Plaintiff $5,000.00 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. No. 19). In response to Plaintiff's Motion, the Commissioner neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b). (Doc. No. 22 at 1–2).

Section 406(b) provides that "whenever a court renders a judgment favorable to a claimant[,] . . . the court may determine and allow as part of its judgment a reasonable fee" for representation of the claimant before the court. 42 U.S.C. § 406(b)(1)(A). Such a fee should not exceed 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. *Id.* The fee is

1

payable "out of, and not in addition to, the amount of such past-due benefits." *Id.* Further, while attorney's fees may be awarded under both the EAJA and section 406(b), the Social Security Act requires that the attorney refund to the claimant the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *see also Atwood v. Berryhill*, No. 5:16-CV-00215-MR, 2019 WL 1558699, at *1 (W.D.N.C. Apr. 10, 2019).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court;" instead, the Court must determine whether the agreed upon fee is reasonable. *Gisbrecht*, 535 U.S. at 807, 809. The Fourth Circuit deemed the following factors relevant to a district court's reasonableness inquiry: "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005).

Here, Plaintiff entered into an agreement with counsel that allowed for a fee of up to 25% of the past-due benefits awarded to Plaintiff and her family in the event the case was won. (Doc. No. 20-3). It appears that Plaintiff's counsel secured an award for Plaintiff in excess of $70,000.00 in past-due benefits. (Doc. No. 20-1 at 3). Considering the factors above, the Court concludes that the attorney's fees sought by counsel are reasonable.

**IT IS, THEREFORE, ORDERED** that that Plaintiff's Motion for Attorney's Fees, (Doc. No. 20), is **GRANTED**. Plaintiff's counsel is awarded the sum of $10,944.50. This amount shall be paid out of Plaintiff's past-due benefits in

accordance with agency policy and sent to Plaintiff's counsel's office. Upon receipt of the 406(b) fee, Plaintiff's counsel shall pay to Plaintiff the sum of $5,000.00, the smaller fee received under the EAJA.

**IT IS SO ORDERED.**
Signed: August 14, 2024

_____
Robert J. Conrad, Jr.
United States District Judge